UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAURA-LEE HANNAH,

        Plaintiff,

    v.

WESTERN GATEWAY REGIONAL
RECREATION PARK & DISTRICT;
and COUNTY OF NEVADA,

        Defendants.
_____/

NO. CIV. S-06-571 LKK/DAD

O R D E R

Plaintiff alleges that she encountered several access barriers at Western Gateway Park that prevented her from being able to visit the park and enjoy its facilities. She alleges violations of the Americans with Disabilities Act, the Disabled Persons Act, the Unruh Civil Rights Act, and California Health and Safety Code § 19955(a). Defendants Western Gateway Regional Recreation Park & District and the County of Nevada have filed a motion to dismiss plaintiff's state law claims on the grounds that they present novel or complex issues over which the court should decline to exercise

supplemental jurisdiction. Defendants argue that it is currently unsettled whether proof of intentional discrimination is required to obtain damages under the Unruh Act. The court decides the matter upon the parties' briefs. For the reasons explained below, the motion is denied.

**II. Standard**

Where a district court has original jurisdiction over a claim, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. A state claim is part of the same case or controversy as a federal claim when the two "'derive from a common nucleus of operative fact'" such that a plaintiff "'would ordinarily be expected to try them in one judicial proceeding.'" Kuba v. 1-A Agr. Ass'n, 387 F.3d 850, 856 (9th Cir. 2004).

The exercise of supplemental jurisdiction is usually mandatory, unless the exercise of jurisdiction is prohibited by 28 U.S.C. § 1367(b) or falls under one of the exceptions set forth in 28 U.S.C. § 1367(c). Executive Software N. Am., Inc. v. U.S. Dist. Court for the N. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994). Under section 1367(c), a court may decline to exercise supplemental jurisdiction over a related state claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Id. (citing 28 U.S.C. § 1367).

### III. Discussion

Defendants argue that in light of the recent California Court of Appeal decision in Gunther v. Lin, 144 Cal. App. 4th 223 (2006), the court should dismiss plaintiff's state law claims as presenting novel or complex issues under 28 U.S.C. § 1367(c)(1). As this court recently noted, "Gunther held what every other court before it [had] rejected: that proof of intent is required to collect damages for disability discrimination under the Unruh Act, which authorizes a minimum of $4,000 per violation." Wilson v. Haria & Gogri Corp., 479 F. Supp. 2d 1127, 1136 (E.D. Cal. 2007).

Courts to date have split on the issue of whether to decline to exercise supplemental jurisdiction under the present circumstances. Compare Pinnock v. Solana Beach Do It Yourself Dog Wash, Inc., 2007 WL 1989635 *3 (S.D.Cal. Jul. 3 2007) ("the state and federal claims are so intertwined that it makes little sense to decline supplemental jurisdiction. To do so would create the danger of courts rushing to judgment, increased litigation costs, and wasted judicial resources.") and Johnson v. Barlow, 2007 WL 1723617 *2 (E.D. Cal. Jun. 11, 2007) (Shubb, J.) ("the conflict internal to the Unruh Act is not novel") with Pinnock v. Safino Designs, Inc., 2007 WL 24612107 *5 (S.D. Cal. Aug. 28, 2007) (declining to exercise supplemental jurisdiction on grounds of novelty/complexity), Morgan v. Am. Stores Co., 2007 WL 1971945 *3

(S.D. Cal. Jun. 29, 2007) (same), and <u>Kohler v. Mira Mesa Marketplace West, LLC</u>, 2007 WL 1614883 *3 (S.D. Cal. Jun. 4, 2007) (same).

As this court held in <u>Wilson</u>, the issues presented by plaintiff's state law claims are neither novel nor complex: the issue of whether intent is required to obtain damages for disability discrimination under the Unruh Act has already been extensively litigated and ruled upon by courts. See <u>Wilson</u>, 479 F. Supp. at 1137 ("Every court to have considered the issue with the exception of <u>Gunther</u> has read Section 51(f) as not requiring proof of intent."); <u>id.</u> at 1138 n. 15 ("the issue of state law presented . . . is not particularly novel or complex in light of the overwhelming body of case law finding that proof of intent is not required").

The fact that there is now an outlier case in an otherwise uniform body of case law does not transform an old issue into a "novel" one. Moreover, although this court discussed and rejected the reasoning of <u>Gunther</u> at length, the issue before the court was not particularly "complex" in the sense that it was difficult (in the court's estimation) to predict how the California Supreme Court would resolve the issue. <u>Id.</u> at 1136 (finding "convincing evidence" that the California Supreme Court would disagree with <u>Gunther</u>).

In deciding whether to exercise supplemental jurisdiction, "the ultimate inquiry for the courts [is] whether the assertion of pendent jurisdiction 'best accomodate[s] the values of economy[,]

convenience, fairness and comity.'" <u>Executive Software</u>, 24 F.3d at 1556. Here, it would hardly be economical or convenient to conduct a trial on all the elements of plaintiff's ADA claim in federal court but then require plaintiff to seek relief separately on the issue of damages in state court. Indeed, the practical result of such a bifurcated system is that plaintiffs wishing to obtain damages under the Unruh Act will increasingly file their ADA claims in state court,[1] rather than in federal court, to avoid duplicated effort and wasted resources. The irony, of course, is that the underlying right protected by the Unruh Act in these cases is a federal right. Such a system does not comport with the values of economy, fairness, or comity.

For these reasons, the court DENIES defendants' motion to dismiss.

IT IS SO ORDERED.

DATED: September 25, 2007.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] At least in those California superior courts with the freedom to depart from the Fourth District Court of Appeals' decision in <u>Gunther</u>.

5